IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eric R. Spar,                                        :

                Plaintiff        :        Civil Action 2:14-cv-0546

  v.                                                 :        Judge Smith

Gary C. Mohr,                                        :        Magistrate Judge Abel

             Defendants         :


**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Eric R. Spar, an inmate at the Madison Correctional Institution ("MaCI"),

brings this prisoner civil rights action under 42 U.S.C. §1983.  This matter is before the

Magistrate Judge for a Report and Recommendation on initial screening of the complaint

pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable

_____

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before dock-
eting, if feasible or, in any event, as soon as practicable after
docketing, a complaint in a civil action in which a prisoner
seeks redress from a governmental entity or officer or
employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall
identify cognizable claims or dismiss the complaint, or any
portion of the complaint, if the complaint--

        (1) is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or

        (2) seeks monetary relief from a defendant who
is immune from such relief.

claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendants Dr. Elliot Neufeld, Ms. Karen Oppy, and Mona Parks and therefore **RECOMMENDS** their dismissal from this lawsuit. The lawsuit should continue as to the remaining defendants.

The complaint alleges that defendants have subjected plaintiff Spar to cruel and unusual punishment by their deliberate refusal to provide him with psyllium husk fiber which is medically necessary to treat his diverticulosis. The complaint contains the following allegations. Eric R. Spar is 41 years old. He has been incarcerated at MaCI since September 2008. He suffers from hereditary diverticulosis. A 2009 CAT scan showed extensive diverticulosis of the sigmoid colon. Because defendants have denied him medical care and provided him with inadequate medical care, he has suffered repeated diverticulitis infections. Each episode stretches the diverticula, causing the walls of the diverticula to become thinner and stressed. If they rupture, he would require immediate surgery. (Complaint, ¶¶ 21-25.)

Despite that fact that the standard care for diverticulosis is psyllium husk fiber ("Metamucil") and a high fiber diet, the Ohio Department of Rehabilitation and Correction

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

("ODRC") has denied him access to it as a cost-cutting measure. (Complaint, ¶¶ 22 and 32.) Until January 2010, the prison infirmary supplied Spar with psyllium husk fiber. From then until June 2013, Spar was able to buy psyllium husk fiber at the prison commissary. Between March 2009 and November 2013, Spar had only one, minor bout of diverticulitis. (Complaint, ¶¶ 34-37.)

In July 2013, Spar was told that the commissary would no longer provide the powder form of psyllium husk fiber, that his family could not send Metamucil to him and that the prison infirmary could not purchase it for him at a local pharmacy. The only treatment available was polycarbophil tablets that could be purchased at the commissary. However, his treating doctor, Dr. Elliot Neufeld, confirmed that the tablets, which do not include psyllium husk fiber, were ineffective in treating Spar's diverticulosis. (Complaint, ¶¶ 44-46.) Dr. Neufeld again prescribed psyllium husk fiber, which was dispensed to Spar at the infirmary beginning July 29, 2013. But on September 20, 2013, the prison infirmary again stopped dispensing the psyllium husk fiber. (Complaint, ¶¶ 47-51.)

Defendants  Drs. Andrew Eddy, Gary Krisher and John Gardner denied Dr. Neufeld's request that he be permitted to prescribe and dispense psyllium husk fiber for Spar. (*Id.*, 53.) On November 29, 2013, Dr. Neufeld saw Spar and diagnosed an active diverticulitis infection. He prescribed an antibiotic. (*Id.*, ¶ 59.) In late December 2013, the prison infirmary again began dispensing psyllium husk fiber to Spar, apparently having devised a method to circumvent the adverse Central Office decision. (*Id.*, ¶¶ 62-63.) However, in February 2014, the prison infirmary once again discontinued dispensing psyllium husk fiber to Spar. Dr. Neufeld told him that he had submitted a second request

3

to continue providing him with psyllium husk fiber, but that Spar would probably have to file a lawsuit to get the medication. In fact, Dr. Eddy and the Collegial Review Board denied the request, stating that "change in diet [is] first line of treatment." (*Id.*, ¶ 68.) In March 2014, Dr. Neufeld again prescribed an antibiotic for diverticulitis. On examination, he could feel the site of the infection due to swelling and pulsating heat. (*Id.*, ¶ 76.)

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>. There are sufficient allegations in the complaint on initial screening to state claims against defendant Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction, because he established the Collegial Review Board that eliminated needed medical care as a budget cutting measure. There are also sufficient allegations to state claims against John Desmarias, Medical Director for the ODRC, Dr. Andrew Eddy, Chief Medical Officer for the ODRC and Director of the Collegial Review Board, and Drs. Gary

Krisher and John Gardner, members of the Collegial Review Board. All are alleged to have knowingly acted to deny plaintiff Spar needed medical care. For the reasons set out below, I conclude that the complaints fails to state claims against defendants Neufeld, Oppy and Parks, but that it does state a claim against defendant Marburger.

Dr. Elliot Neufeld. Dr. Neufeld is the Chief Medical Officer and Advanced Level Provider at MaCI. (Complaint, ¶ 17.) He supported Spar's July 13, 2013 grievance by agreeing with him that the polycarbophil tablets were ineffective in treating his diverticulosis. (Complaint, ¶ 46.) He prescribed psyllium husk fiber for Spar in July 2013 so that he could continue to receive it. (*Id.*, ¶ 48-51.) Dr. Neufeld had renewed the prescription for psyllium husk fiber through March 2014 (*Id.*, ¶ 51), and on September 26, 2013 he was "very agitated that his order for the psyllium husk fiber had been suspended." (*Id.*, ¶ 52.) He requested authorization for Spar to continue to receive the psyllium husk fiber because the polycarbophil tablets were ineffective and his extensive diverticulosis was well-controlled by psyllium husk fiber. To obtain the same amount of fiber available from psyllium husk fiber from the polycarbophil tablets would require the patient to take more than 60 pills a day. (*Id.*) Despite that fact that the MaCI dietician expressed the opinion that Spar was compliant with his high fiber diet, Dr. Andrew Eddy, based on the input of Drs. Gary Krisher and John Gardner of the Collegial Review Board, denied Dr. Neufeld's request on the ground that he had spent over $33 on junk food in the previous week. (*Id.*, ¶ 53.)

The MaCI commissary again began selling psyllium husk fiber to Spar in late December 2013. But on January 28, 2014, psyllium husk fiber was permanently removed

from the commissary. (*Id.*, ¶¶ 62-63.) On February 10, 2014, Dr. Neufeld submitted a second request to the Collegial Review Board to prescribe psyllium husk fiber for Spar. That request was denied by Dr. Eddy and the Board. (*Id.*, ¶ 68.) In March 2014, Dr. Neufeld discontinued Spar's order for polyethylene glycol, a laxative, because it was ineffective. He said that there was nothing else he could do for Spar. (*Id.*, ¶ 75.)

In April 2014, Dr. Neufeld requested a CAT scan to determine the extent of damage from Spar's most recent diverticulitis infection, the progression of the disease, and the danger of a rupture due to the progression. That request was denied. (*Id.*, ¶¶ 78-79.) Spar asked Neufeld to submit a third request for psyllium husk fiber, but Neufeld became agitated and angry saying he didn't need his advice about how to submit the request. (*Id.*, ¶ 79.)

The complaint fails to state a claim that defendant Neufeld "unnecessarily and wantonly inflict[ed] pain" on an Spar by acting with "deliberate indifference" toward his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). He consistently prescribed psyllium husk fiber and repeatedly attempted to insure that Spar received it. He has no control over the prison commissary, and when he followed ODRC procedures he was unable to secure psyllium husk fiber for Spar despite telling the appropriate higher authorities who control the provision of medical services to prisoners that it was medically necessary to treat his diverticulosis.

<u>Karen Oppy</u>. Ms. Oppy is the Health Care Administrator at MaCI. (Complaint, ¶ 18.) On July 29, 2013, she contacted Spar and told him that psyllium husk fiber would be dispensed to him at the infirmary pill pass window when it was prescribed by a physician.

6

He then receive the psyllium husk fiber from the infirmary for the next two months. (*Id.*, ¶¶ 48-51.) In October 2013, Spar asked Oppy to approve his receiving more than three bottles of polycarbophil tablets a week, but she denied the request. (*Id.*, ¶ 55.)

Spar complained to Oppy in February 2014 that it violated ODRC Policy 69-OCH-02 for the commissary not to carry psyllium husk fiber. Oppy said the policy was being changed and that her hands were tied. (*Id.*, ¶ 70.)

Oppy did not treat Spar for his diverticulitis. The complaint makes clear that she did not have ultimate authority to provide psyllium husk fiber to him at either the commissary or the infirmary. Although she denied Spar's request that he be permitted to obtain more than three bottles of polycarbophil tablets a week, the complaint pleads that he would have to take more than 60 tablets a day to get the equivalent fiber available in psyllium husk fiber. Dr. Neufeld did not prescribe 60 polycarbophil tablets a day for Spar. For that reason, I conclude that the complaint fails to state a claim that she subjected plaintiff to cruel and unusual punishment.

Mona Parks. Parks is an Assistant Chief Inspector for the ODRC. (*Id.*, ¶ 15.) The complaint alleges that Parks provided inaccurate information in response to Spar's grievances (*Id.*, ¶ 70) In April 2014, Parks blamed Spar's complications and infections on his commissary purchases and not the ODRC's failure to supply him with psyllium husk fiber and a high-fiber diet. (*Id.*, ¶ 79.)

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416,

421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

<u>Marburger</u>. Marburger is a dietician at MaCI. She is employed by Aramark. Marburger is responsible for providing medically necessary diets to prisoners. (*Id.*, ¶ 18.) On March 17, 2014, Dr. Neufeld ordered a high-fiber diet for Spar. (*Id.*, ¶ 74.) In April 2014, Spar spoke with Marburger, who said that a high-fiber diet was not currently available. Nonetheless, she told him that he had made significant changes to his diet and that she did not see him making any poor dietary choices. She did not know of anything he could have done differently to improve his fiber intake.  (*Id.*, ¶ 77.)

While the allegations are skeletal, at this early screening stage I determine that the complaint states an Eighth Amendment claim because it alleges Dr. Neufeld prescribed a high-fiber diet and that defendant Marburger failed to follow that order. Given that Spar could not obtain psyllium husk fiber, a fact Marburger allegedly knew, a high fiber diet was critical to treating his diverticulosis.

Accordingly, it is hereby **RECOMMENDED** that defendants Dr. Elliot Neufeld, Ms. Karen Oppy, and Mona Parks be **DISMISSED** from this lawsuit because the complaint fails to state a claim under 42 U.S.C. §1983 against them, but that the lawsuit should continue as to the remaining defendants.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants  Dr. Elliot Neufeld, Ms. Karen Oppy, and Mona Parks are not required to answer the complaint unless later ordered to do so by the Court.

8

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

    <u>Plaintiff's June 10, 2014 motion to limit service</u>. Plaintiff's June 10, 2014 motion to limit service of his motion for a preliminary injunction (doc. 6) is GRANTED. Defendants are ORDERED to respond to plaintiff' motion for preliminary injunction (doc. 5) on or before **June 30, 2014.**

    If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

                       <u>s/Mark R. Abel</u>
                       United States Magistrate Judge