IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eric R. Spar, | : | |
| Plaintiff | : | Civil Action 2:14-cv-0546 |
| v. | : | Judge Smith |
| Gary C. Mohr, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Eric R. Spar, an inmate at the Madison Correctional Institution ("MaCI"), brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants have subjected plaintiff him to cruel and unusual punishment by their deliberate refusal to provide him with psyllium husk fiber which is medically necessary to treat his diverticulosis. This matter is before the Magistrate Judge for a Report and Recommendation on plaintiff's June 20, 2014 motion for a preliminary injunction (doc. 5).

Plaintiff Spar's motion for a preliminary injunction seeks an order requiring defendants to provide him with four tablespoons of psyllium husk fiber (Metamucil) a day and a high fiber diet. Plaintiff asserts that beginning in 2009 the Ohio Department of Rehabilitation and Correction ("ODRC") shifted the costs of over-the-counter medication from the Department to prisoners. Defendant Eddy has three times denied Spar's doctor's request that plaintiff have access to psyllium husk fiber. Eddy's Collegial Review Process ("CRP") has acted to reduce the amount of money ODRC spends on prisoners' medical care. From 2010 through 2013, the CRP has rduced ODRC medical care costs by 15% ($33.3 million).

Nearly 90% of the savings ($30 million) came from speciality care, surgical care and the like provided almost exclusively by OSU Hospitals. Nearly all the remaining cuts came from prisoner medication. Plaintiff argues that because of an aging prison population (15% of prisoners are now over 50 years old) and the greater likelihood that older patients require higher fiber intake, ODRC's decision not to provide prisoners with psyllium husk fiber could save it $250,000 - $500,000 a year.

Plaintiff further asserts that his health is endangered by defendants' decision to deny him psyllium husk fiber because the fibertabs Dr. Eddy suggested as a substitute had already been tried and failed. Moreover, the vast majority of foods served daily are low fiber foods. While Dr. Eddy's statement that all a patient with mild diverticulosis may need is a high fiber diet, Spar has been diagnosed with extensive diverticulosis and has had at least six acute infections that have been of increasing severity, intensity and duration.

Plaintiff contends that Dr. Eddy's reliance on his commissary purchases of low fiber foods does not take into account that when a patient has an active diverticulitis infection the recommended diet is low fiber foods.

Defendants argue that plaintiff's complaint and his briefs in support of his motion for a preliminary injunction merely allege a difference of opinion between him and the ODRC medical staff over the best way to manage his diverticulosis. Dr. Eddy, ODRC's Medical Director, denied three Prior Authorization ("PA") requests for Metamucil because in his medical opinion Spar's diverticulosis should be managed through a proper diet, water consumption, and the alternative fiber supplements available through the prison

2

commissary.[1] In February 2014, commissary records showed that Spar "continued to consume low-fiber foods such as pastries, macaroni and cheese, and ramen noodles."[2] Dr. Eddy is of the opinion that "[t]here is no proven evidence that dieatary fiber or fiber supplement prevents the development of new diverticula, diverticulitis, or diverticular bleeding."[3] Nonetheless, Dr. Eddy states that if low fiber foods are causing Spar problems with his diverticulosis, "he must stop purchasing low-fiber foods such as cookies, cheese, pasta, pretzels, and canned meat."[4] Spar's "condition would be manageable if he ate the fruits and vegetable available in the institutional dining hall and purchased oatmeal from the commissary."[5] He would also be helped by fibertabs that can be purchased from the commissary.[6]

Metamucil was removed from ODRC's Drug Formulary in 2009 and non-formulary medications may only be prescribed or dispensed to inmates after a PA request is approved by the ODRC's Office of Correctional Healthcare.[7] In January 2014, psyllium powder for

---

[1] Dr. Andrew D. Eddy's July 11, 2014 Declaration, ¶¶ 10-13, Doc. 12-1, PageID 165-67; Karen Oppy's July 11, 2014 Declaration, ¶¶ 6-8, Doc. 12-2, PageID 169.

[2] Eddy Decl., ¶ 12, PageID 166.

[3] *Id.*, ¶ 6, PageID 165.

[4] *Id.*, ¶ 13.

[5] *Id.*, PageID 166-67.

[6] *Id.*, PageID 167.

[7] Eddy Decl., ¶¶ 4, 5, 7, PageID 164-65.

3

removed from prison commissaries because it can be hardened and filed into a weapon.[8] It was Dr. Eddy's medical opinion that changing Spar's diet, particularly adding foods that were higher in fiber, would be the better way to manage his diverticulosis and that Metamucil was not medically necessary.[9] On April 24, 2014, Spar began receiving a dietary supplement consisting of six small daily meals of apple and peanut butter, in order to provide him with additional high-fiber foods.[10] Dr. Eddy asserts that the cost of the psyllium husk fiber was not a factor in his decision to deny the PAs.[11] Instead, he decided that, in his medical opinion, making changes in Spar's diet was the best course of treatment.[12] In April 2014, a dietician ordered that additional fiber-rich foods be provided to Plaintiff.[13]

Defendants further argue that to the extent Dr. Eddy disagreed with Dr. Neufeld's requests to provide Metamucil to Spar, courts have held that just as treatment disagreements between inmates and medical providers do not amount to deliberate indifference, the same is true when the disagreements are between medical providers about the best course of treatment for an inmate. *See, e.g.*, *Gora v. Gelabert*, 2011 WL 6781022, at *12 (W.D. Mich. Dec. 2, 2011) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference", *quoting Estate of*

---

[8]*Id.*, ¶ 8, PageID 165.

[9]*Id.*, ¶¶ 10 – 13, PageID 166-67.

[10]Oppy Decl., ¶11, PageID 169.

[11]Eddy Decl, ¶15, PageID 167.

[12]*Id.*, ¶10, PageID 165-66.

[13] Oppy Decl., ¶10, PageID 169.

4

*Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir.1996)). Finally, defendants maintain that plaintiff's argument that serious injuries would be immanent if injunctive relief is not ordered is undermined by his complaint's acknowledgment that when Spar has had attacks of diverticulitis, prison medical staff have responded with antibiotics and other appropriate treatments.

<u>Legal standard</u>. A court must assess four factors in deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Here the relief plaintiff seeks is relief he would obtain if he prevails on the merits of the complaint. At this stage of the proceedings, it is not easy to predict the likely outcome of this lawsuit. Both sides have presented evidence which, if credited, would result in judgment being entered for their side. Resolution of the disputed factual issues will require the fact finder to carefully read the record of plaintiff's treatment for diverticulosis, the effectiveness of various courses of treatments in the past, the medial evidence regarding the

likely effectiveness of those treatments in the future, plaintiff's compliance with his medically prescribed high fiber diet, and the impact of his diet on the course of his diverticulosis. At this time the evidence does not demonstrate that plaintiff has a strong likelihood of success on the merits or that he will suffer irreparable injury if a preliminary injunction is not issued.

Accordingly, it is hereby **RECOMMENDED** that plaintiff's June 20, 2014 motion for a preliminary injunction (doc. 5) be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge