IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Eric R. Spar,                                    :

                    Plaintiff                    :        Civil Action 2:14-cv-00546

      v.                                         :        Judge Smith

Gary Mohr, *et al.*,                             :        Magistrate Judge Abel

                    Defendants                   :


**Report and Recommendation**

This matter is before the Magistrate Judge for a report and recommendation on

defendant Amy Marburger's December 30, 2014 motion for judgment on the pleadings

on the issue of standing (doc. 49).

**I.      Allegations in the Complaint**

The complaint alleges that defendants have subjected plaintiff Spar to cruel and

unusual punishment by their deliberate refusal to provide him with psyllium husk fiber

which is medically necessary to treat his diverticulosis. The complaint contains the

following allegations. Eric R. Spar is 41 years old. He has been incarcerated at MaCI

since September 2008. He suffers from hereditary diverticulosis. A 2009 CAT scan

showed extensive diverticulosis of the sigmoid colon. Because defendants have denied

him medical care and provided him with inadequate medical care, he has suffered

repeated diverticulitis infections. Each episode stretches the diverticula, causing the

walls of the diverticula to become thinner and stressed. If they rupture, he would require immediate surgery. (Complaint, ¶¶ 21-25.)

Despite that fact that the standard care for diverticulosis is psyllium husk fiber ("Metamucil") and a high fiber diet, the Ohio Department of Rehabilitation and Correction ("ODRC") has denied him access to it as a cost-cutting measure. (Complaint, ¶¶ 22 and 32.) When left untreated, the diverticula become impacted with fecal matter, which can lead to a life-threatening episode of diverticulitis.  (Complaint, ¶ 22.)  Until January 2010, the prison infirmary supplied Spar with psyllium husk fiber. From then until June 2013, Spar was able to buy psyllium husk fiber at the prison commissary. Between March 2009 and November 2013, Spar had only one, minor bout of diverticulitis. (Complaint, ¶¶ 34-37.)

In July 2013, Spar was told that the commissary would no longer provide the powder form of psyllium husk fiber, that his family could not send Metamucil to him and that the prison infirmary could not purchase it for him at a local pharmacy. The only treatment available was polycarbophil tablets that could be purchased at the commissary. However, his treating doctor, Dr. Elliot Neufeld, confirmed that the tablets, which do not include psyllium husk fiber, were ineffective in treating Spar's diverticulosis. (Complaint, ¶¶ 44-46.) Dr. Neufeld again prescribed psyllium husk fiber, which was dispensed to Spar at the infirmary beginning July 29, 2013. But on September 20, 2013, the prison infirmary again stopped dispensing the psyllium husk fiber. (Complaint, ¶¶ 47-51.)

2

Defendants Drs. Andrew Eddy, Gary Krisher and John Gardner denied Dr. Neufeld's request that he be permitted to prescribe and dispense psyllium husk fiber for

Spar. (*Id.*, 53.) On November 29, 2013, Dr. Neufeld saw Spar and diagnosed an active diverticulitis infection. He prescribed an antibiotic. (*Id.*, ¶ 59.) In late December 2013, the prison infirmary again began dispensing psyllium husk fiber to Spar, apparently having devised a method to circumvent the adverse Central Office decision. (*Id.*, ¶¶ 62-63.) However, in February 2014, the prison infirmary once again discontinued dispensing psyllium husk fiber to Spar. Dr. Neufeld told him that he had submitted a second request to continue providing him with psyllium husk fiber, but that Spar would probably have to file a lawsuit to get the medication. In fact, Dr. Eddy and the Collegial Review Board denied the request, stating that "change in diet [is] first line of treatment." (*Id.*, ¶ 68.) In March 2014, Dr. Neufeld again prescribed an antibiotic for diverticulitis. On examination, he could feel the site of the infection due to swelling and pulsating heat. (*Id.*, ¶ 76.)

## II.  Arguments of the Parties

### A.  Defendant Marburger

Defendant Amy Marburger argues that Spar lacks standing because he did not suffer an injury-in-fact and cannot establish causation or redressability against her. Marburger maintains that allegations against her only appear in two paragraphs. The

complaint alleges that Marburger failed to follow Dr. Neufeld's orders and recommendations for a high-fiber diet.

Defendant Marburger argues that plaintiff has not suffered an injury-in-fact as to any alleged actions or omissions by her. Plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant. Marburger argues that there are no allegations of any physical injury arising from her actions or omissions. Defendant maintains that all of Spar's alleged problems and health conditions existed prior to and entirely independent of any actions or omissions on the part of her. As a result, no injury-in-fact can be attributed to Marburger.

Plaintiff's sole allegation with respect to Marburger is that she allegedly informed him on April 3, 2014 that no high-fiber diet was currently available. Marburger noted in Spar's medical file that he had made significant changes to his diet and was compliant with appropriate commissary purchases and that he needed psyllium husk fiber.  Defendant asserts that the allegations relating to Marburger are merely anecdotal and framed in an effort to establish that ODRC's alleged denial of Metamucil is the root of Spar's health problems. The injuries claimed by Spar have no connection to the alleged actions or omissions of Marburger.

Defendant further argues that even if plaintiff suffered an injury in connection to the allegations against her, there is no causation to support standing.  Defendant maintains that Spar's alleged injury cannot be traced to her. Marburger maintains that

4

the denial of Metamucil is the alleged cause of the diverticulitis infections and that she does not have the authority as a food service worker to prescribe Metamucil.

Defendant further argues that Spar's requested relief does not redress any alleged injury that could be arguably attributed to her. Plaintiff must show that he personally would benefit in a tangible way from the court's intervention. Marburger maintains that plaintiff's condition was ongoing and predated his encounter with her. The complaint does not allege that Spar's condition worsened because of Marburger.

### B.    Plaintiff Spar

Plaintiff argues that the standard of care for the treatment of diverticulosis is a high-fiber diet combined with psyllium husk fiber. Without this treatment, the diveritcula becomes impacted with fecal matter resulting in an episode of diverticulitis. Diverticulitis is life threatening and could result in a rupture requiring emergency surgery. The complaint alleges that Spar has been denied a high-fiber diet and Metamucil, both of which are necessary to prevent diverticulitis.

Defendant Marburger serves as a dietician for the ODRC under a contract with Aramark. The complaint alleges that defendant Marburger is responsible for the issuance of all medically necessary diets and that she was personally involved in the denial of Spar's medical care and the provision of inadequate medical care for his serious medical needs. On March 17, 2014, Dr. Neufeld had ordered a high-fiber diet for Spar though the dietary consult. On April 3, 2014, Spar was seen by Ms. Marburger. Aramark controlled the food service for ODRC. Ms. Marburger failed to follow Dr.

5

Neufeld's orders and recommendations for a high-fiber diet. She said that no high-fiber was currently available. On April 7, 2014, Spar filed an ICR regarding the Aramark dietician's failure to follow Dr. Neufeld's order and recommendation for a high-fiber diet.

Plaintiff argues that Rule 12(c) imposes a high standard before a *pro se* complaint can be dismissed because a *pro se* pleading must be liberally construed in determining whether it states a claim. Plaintiff argues that his complaint presents a justiciable claim against defendant Marburger. Spar maintains that throughout his complaint, he clearly states that both a high-fiber diet and Metamucil are necessary for treatment of his diverticulosis. Marburger is responsible for the issuance of all medically necessary diets and she refused to issue the medically prescribed diet. Spar maintains that without Metamucil and a high-fiber diet, he will continue to suffer excruciating pain and life-threatening bouts of diverticulitis. Plaintiff argues that these facts are sufficient to demonstrate that he has suffered and continues to suffer injury caused by defendant Marburger's actions. Plaintiff maintains that Marburger has violated his Eighth Amendment rights by failing to comply with a medically necessary treatment that was prescribed by his doctor.

Plaintiff argues that Marburger's reliance on the co-defendants' denial of one portion of Spar's treatment does not shield her from liability by failing to provide another portion of the necessary medical treatment. Plaintiff maintains that Marburger remains liable for her failure to fulfill her duties as a dietician and that he has alleged a

concrete and a particularized injury resulting from her denial of medically necessary treatment.

### III. Motion for Judgment on the Pleadings

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072,

7

1076 n.6 (6th Cir. 1972).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

### IV.    Discussion

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs.  *Estelle*, 429 U.S. at 103-04.  Prison officials are liable only if they know of and disregard "an excessive

8

risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The complaint alleges that defendant Marburger is "responsible for the issuance of all medically necessary diets. As such, Defendant Marburger had personal involvement in the denial of the plaintiff's medical care and the provision of inadequate medical care . . . . " Compl. at ¶ 19. On March 17, 2014, Dr. Neufeld ordered that plaintiff receive a high-fiber diet. *Id.* at 74. On April 3, 2014, plaintiff met with Marburger, who stated that no high-fiber diet was currently available to plaintiff. *Id.* at 77. The complaint further alleges that defendant Marburger denied plaintiff medical care for his serious medical need in direct contradiction of Dr. Neufeld's orders and recommendation and with deliberate indifference. *Id.* at 87. The complaint specifically asserts that he has been denied a high-fiber diet. *Id.*

Defendant maintains that because plaintiff had a long history of diverticulitis before his interaction with Marburger, plaintiff cannot demonstrate that his alleged

problems were caused by her. The fact that plaintiff was diagnosed with diverticulitis prior to his interaction with Marburger is not dispositive. The complaint does not allege that Marburger caused his condition, but rather that she failed to provide an adequate diet as part of the treatment necessary for dealing with his chronic condition. Plaintiff alleges that he has a serious medical condition requiring a specialized diet. The complaint alleges that Marburger was the individual responsible for ensuring inmates' dietary needs were met. According to plaintiff, Marburger failed to comply with doctor's orders that Spar receive a high fiber diet. Plaintiff has alleged that he has been denied the right to adequate medical care, which includes a high-fiber diet. Although Marburger maintains that plaintiff cannot show that he has suffered an injury-in-fact based on her conduct, the complaint alleges that Spar has suffered and continues to suffer injury based on the failure to receive Metamucil and a high fiber diet. Plaintiff has adequately stated a claim against defendant Marburger.

### V. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendant Amy Marburger's December 30, 2014 motion for judgment on the pleadings on the issue of standing (doc. 49) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
